**Gregory L. THOMAS, M.D., Plaintiff,**

v.

**The GEORGE WASHINGTON UNIVERSITY, et al., Defendants.**

**No. CIV.A.98–02816(HHK).**

United States District Court, District of Columbia.

Oct. 15, 2003.

Gregory L. Thomas, Washington, DC, Pro se.

Henry Morris, Jr., Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, Sarah P. Mulkern, General Counsel's Office, Christopher E. Hassell, Bonner, Kiernan, Trebach & Crociata, Washington, DC, for Defendants.

## ORDER

KENNEDY, District Judge.

Plaintiff, Gregory L. Thomas, M.D. ("Thomas"), brought this action against the George Washington University ("University") alleging that it discriminated against him on the basis of his race ("African -American") and disability (walks with extreme pain)[1] in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Specifically, Thomas alleges that the University elected not to renew his appointment to its Diagnostic Radiology Residency Program because of his race and disability and in retaliation for his having engaged in protected activity and subjected him to a hostile work environment.

At the conclusion of a trial, a unanimous jury returned verdicts against Thomas on all of his claims except one, his charge that the University failed to accommodate his alleged disability. The University ultimately prevailed on this claim as well, however, when the court granted the University's renewed motion for judgment as a matter of law on this claim following the return of the jury's verdicts.[2]

At present, the court has before it the University's bill of costs in the amount of $15,355.34. The University's Bill of Costs is presented pursuant Rule 54.1 of the Rules of this court and Rule 54.d of the

---

1. Thomas was involved in a serious traffic accident in November, 1992. The accident left him with severe reflex sympathetic dystrophy and partial paralysis of his left leg.

2. Among other reasons, the court granted the University's motion for judgment as a matter of law because Thomas failed to show that he was disabled within the meaning of the ADA.

Federal Rules of Civil Procedure. Fed. R.Civ.P. 54(d)(1), in pertinent part provides, [c]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs. Thomas opposes being taxed with the costs incurred by the University in defending against this suit on two grounds. First, citing *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed.Cir.2000), Thomas asserts that the University is not the prevailing party in this litigation. Second, Dr. Thomas states,

> [t]his court[ ] should exercise its discretion and deny a costs award against Plaintiff because the issues in this litigation were of the gravest public importance and the costs "extraordinarily high." Under the circumstances, mandating an award of costs to Defendant in this important civil rights case would have the regrettable effect of discouraging potential victims of unlawful discrimination from bringing civil rights cases at all.

Pl.'s Opp'n to Def.'s Bill of Costs at 2. Dr. Thomas's position can not be sustained.

■ With respect to Thomas's assertion that the University is not the prevailing party in this litigation, he is simply wrong. The judgment of this court could not be clearer. On April 22, 2002, the judgment in this case was set forth in the following terms: "[I]t is ... hereby ORDERED that *JUDGMENT be entered in favor of the George Washington University*." (emphasis added). *Ruiz* does not support Thomas's position. In *Ruiz* the Federal Circuit affirmed the District Court's finding that neither the plaintiff nor the defendant was a prevailing party because each had prevailed on at least one of the claims presented at the trial. By contrast, here, Thomas did not prevail on any claim.

■ As for the potential chilling effect that an award of "extraordinarily high"

costs might have on potential victims of discrimination, Thomas has alluded to a significant issue but provides nothing more than *ipse dixit* in support of his position. He contents himself with touching upon weighty issues then leaves it to others to do the heavy lifting of analyzing how they should be resolved. The problem for Thomas is that when the facts and issues are analyzed he comes up short. First, on what authority and by what reasoning does Thomas arrive at the conclusion that $15,355.34 in billable costs for a case that (1) was pending in this court pretrial for more than two years, (2) involved substantial pretrial motions practice, and (3) was only resolved following a six-day trial is "extraordinarily high?"

Second, any person of color or any person with a disability—or, for that matter, any person—who desires to work is a "potential victim of discrimination." This court, of course, would not want an award of costs to a prevailing defendant in one employment discrimination case to deter a plaintiff with a **meritorious** case from bringing it for fear that should she lose she would be burdened with the billable costs of the litigation. That being said, this court hopes that a person who **does not** have a meritorious case would be "chilled" from bringing it. A plaintiff who brings a baseless employment discrimination case, such as this one, does not advance the cause of civil rights. To the contrary, she harms that cause.

■ Finally, Thomas argues that should the court reject his position that the University is not entitled to recover any of its billable costs, he should be allowed to contest specific costs identified by the University. Thomas, who is represented by counsel, displays a fundamental misunderstanding of how the law and rules governing billable costs operate. Suffice it to say

that it is not Thomas's choice to make as to when he may file objections to the University's bill of costs. Piecemeal briefing on the issue is neither authorized by the Federal Rules of Civil Procedure nor the Rules of this Court.

Accordingly, it is this 15th day of October, 2003, hereby

**ORDERED** that Gregory L. Thomas, M.D., shall pay the billable costs of the George Washington University in the amount of $15,355.34.